UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
OCT 11 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 03-607-GWU

JOANN RAY,                                                                       PLAINTIFF,

VS.                      **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,             DEFENDANT.

## I. INTRODUCTION

Counsel for the plaintiff in this case has filed a Motion for an award of attorney's fees under 28 U.S.C. Section 2412(d), the Equal Access to Justice Act (EAJA). The defendant has opposed the motion on several grounds.

## II. APPLICABLE LAW

The EAJA provides that attorney's fees and other expenses will be awarded to a party adverse to the United States when:

1) the party seeking such fees is the "prevailing party" in a Civil action brought by or against the U.S.,

2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of final judgment in the action,

3) the position of the government is not substantially justified, and

4) no special circumstances make an award unjust.

28 U.S.C. Section 2412(d)(1)(A),(B).

1

Plaintiffs are a "prevailing party" under the EAJA "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) quoted in Perket v. Secretary of Health and Human Services, 905 F.2d 129, 131 (6th Cir. 1990). Trident Marine Construction v. District Engineer, etc., 766 F.2d 974.

The term "substantially justified" has been defined as meaning that the action was "justified, both in fact and in law, to a degree that would satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869b (6th Cir. 1989)(citations omitted). A finding that the government's position was not supported by substantial evidence does not automatically equate to a finding that it was not "substantially justified." Couch v. Secretary of Health and Human Services, 749 F.2d 360, 361 (6th Cir. 1984).

## III. DISCUSSION

The plaintiff had filed her most recent application for Supplemental Security Income (SSI) benefits on August 16, 2001, initially alleging an onset date of January 1, 1995 (subsequently amended to January 1, 1999).[1] An Administrative Law Judge (ALJ) issued a decision denying this application on April 25, 2003. After the plaintiff appealed to this Court, the Commissioner requested a remand under Sentence Six of 42 U.S.C. Section 405(g) for further administrative proceedings because the tape recording of the hearing had been lost and a transcript could not be prepared. Commissioner's Motion to Remand, Docket Entry No. 7. The Court granted the motion. Docket Entry No. 9. On remand, the ALJ determined that there was sufficient evidence to establish disability without conducting an oral hearing, after

---

[1] Previously, an application had been denied at the initial level on July 15, 1999.

the plaintiff amended her alleged onset date to November 8, 2003, her 55th birthday. Docket Entry No. 10, Attachment 1, p. 5. The Commissioner followed with a motion to redocket and affirm the decision on remand because the Commissioner had issued a favorable decision to the plaintiff, and, following the Court's grant of the motion, counsel for the plaintiff filed her motion for attorney's fees, requesting compensation for a total of seven hours of time spent appealing the case in Federal Court between October, 2003 and January, 2006. Docket Entry No. 13.

The Commissioner opposes plaintiff's counsel's motion for attorney's fees on two grounds. First, she contends that the plaintiff was not a "prevailing party" under EAJA. Second, she asserts that her position was "substantially justified."

On the first issue, the Sixth Circuit's recent decision in Marshall v. Commissioner of Social Security, 444 F. 3rd 837, 841 (6th Cir. 2006) establishes that the District Court retains jurisdiction when remanding a Social Security claimant's case pursuant to Sentence Six. Therefore, "the proceedings on remand are an integral part of the 'civil action' for judicial review, and thus attorney's fees for representation on remand are available subject to the other limitations of EAJA." Id., quoting Sullivan v. Hudson, 490 U.S. 877, 892 (1989).

However, "prevailing party" status is only a threshold inquiry to recovery under EAJA. Marshall, 444 F.3d at 842. It remains to be determined whether the Commissioner's position was "substantially justified."

As the defendant points out, the plaintiff's representative amended her alleged onset date after remand to November 8, 2003, more than six months after the April 25, 2003 ALJ decision that had been the subject of her initial appeal to the

3

Federal Court level. Effectively, the plaintiff abandoned her claim to benefits prior to her 55th birthday on November 8, 2003. Under such circumstances, the "reasonable person" described in Jankovich, supra, would conclude that the government's position was substantially justified, since the plaintiff is not now even alleging that she was disabled at the time of the April 25, 2003 decision.

The motion for attorney's fees will be denied.

This the ___11___ day of October, 2006.

G. WIX UNTHANK
SENIOR JUDGE

4